**MEIYA ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72890.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Genevieve Holm, Esq., Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Meiya Zheng, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The agency found Zheng's testimony incredible based on discrepancies between her credible fear interview and her written statement and testimony regarding when her father became a Falun Gong practitioner, when a protest demonstration occurred, and whether authorities learned of her father's participation in the demonstration. Because these discrepancies go to the heart of Zheng's claim, substantial evidence supports the agency's adverse credibility determination. *See Li,* 378 F.3d at 962–63 (upholding adverse credibility determination based on discrepancies between alien's statements in interview and subsequent testimony). Since the credible fear interview was conducted under oath, with the benefit of an interpreter, and recorded in question and answer format, the agency reasonably determined that the interview statement was a reliable impeachment source. *See id.* at 963 ("Our inquiry ends if the [agency] could reason-

ably conclude that the sworn interview statement was a reliable impeachment source."); *cf. Singh v. Gonzales,* 403 F.3d 1081, 1089–90 (9th Cir.2005).

In the absence of credible testimony, Zheng has failed to establish eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

** The disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

